The President
delivered the opinion of the Court.
The question upon the first point, depends upon the law, which has been so fully commented upon at the bar; and is this—whether the special bail be discharged by the surrender to the Sheriff, without his also returning, forthivith to the Clerk, the receipt ob» *411 Sained from the Sheriff. The 4th section of the law upon which this question rests, points out two of surrender; the first in Court, upon which the bail is discharged, whether the directory part of the clause (which says that the defendant shall be committed to the custody of the Sheriff) be complied with or not. The other alternative is, “ that such special bail may discharge themselves, by surrendering the principal to the Sheriff of the county where the original writ was served.” The discharge of the bail therefore is complete by the surrender, and the following parts of the clause are directory only, and do not impose a condition, the non-compliance with which can prevent the discharge. This appears the stronger, since it begins with a direction to the Sheriff what he is to do with the prisoner, and then goes on to direct what the bail shall do with the receipt. And this construction is farther enforced by a view of the fifth and sixth sections, respecting surrenders after judgment. The fifth, makes no distinction between a surrender in Court, and a surrender to the Sheriff out of Court, as to the discharge of the bail. The sixth, without taking notice of the discharge of the bail, proceeds to direct what shall be done in the case of a surrender in the country. The Sheriff is to keep the prisoner in custody for twenty days; and the bail is to give immediate notice to the creditor. So that in both cases of a surrender in the country, either before or after judgment, the discharge of the bail is complete, and the plaintiff has a new remedy, if the directory part be not complied with, either against the Sheriff, if he fail in his duty, or against the bail, if he neglect to do what the law requires of him. The difference in these remedies is important; since in an action founded upon the directory part, the Sheriff or bail would be let in to shew a reasonable excuse for not complying with the law, or to shew that no damage thereby arose to the creditor. But they might be precluded from these advantages upon the scire facias, if the bail were considered as not being discharged.
The Court have given their opinion upon this point, *412 for the satisfaction of the parties, and as it may prevent further litigation. As to the second cause of demurrer, we think that the plea is insufficient for want of a proper conclusion. An et cestera may be allowed to supply what must necessarily be inferred from what is expressed. But in this plea the words inserted will equally admit of a conclusion to the Court or jury, and therefore the Court cannot supply the words omitted, by any necessary implication; besides this defect is specially demurred to.
But the Court are clearly of opinion that the defen» dant ought to have been permitted to amend his plea, upon payment of costs: and upon this point, the judgment is to be reversed, and the cause remanded to the District Court, with directions to admit such amendment. The parties will consider whether it be worth their while to prosecute the suit farther, after the decision of the Court upon the first point, in which the Judges are unanimous.